UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ASHI HOUMA HOTELS, LLC, *et al.*                    CIVIL ACTION

VERSUS                                              NO. 22-5289

INDEPENDENT SPECIALTY                               SECTION M (1)
INSURANCE COMPANY, *et al.*

**<u>ORDER & REASONS</u>**

Before the Court is a motion to compel arbitration and stay or dismiss the litigation filed by defendants Certain Underwriters at Lloyds, London subscribing to Policy No. VNB-CN-0001431-03, Certain Underwriters at Lloyd's, London and other insurers subscribing to Binding Authority No. B604510568622021 (collectively, "Certain Underwriters at Lloyd's"), Interstate Fire and Casualty Company, and Independent Specialty Insurance Company (together with "Certain Underwriters at Lloyd's," the "Defendant Insurers").[1]  Plaintiffs Ashi Houma Hotels, LLC and Ashi Hotels, LLC (together, "Ashi Houma") respond in opposition,[2] and the Defendant Insurers reply in further support of their motion.[3]  Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the Defendant Insurers' motion and staying this litigation while the parties pursue arbitration.

I.      **BACKGROUND**

This case arises from an insurance coverage dispute following Hurricane Ida, which made landfall on August 29, 2021.  Ashi Houma alleges coverage for property it owns under a commercial property insurance policy to which Interstate Fire and Casualty Company and

---

[1] R. Doc. 5.
[2] R. Doc. 14.
[3] R. Doc. 20.

Independent Specialty Insurance Company (together, the "Domestic Insurers"), as well as Certain

Underwriters at Lloyd's, subscribed.  On October 27, 2022, Ashi Houma filed this suit against the

Defendant Insurers in state court seeking insurance proceeds and asserting that the Defendant

Insurers acted in bad faith with respect to their handling of Ashi Houma's claims.[4]  The Defendant

Insurers removed the suit on the ground that the commercial property insurance policy to which

they subscribed contains a valid arbitration agreement that falls under the Convention on the

Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), *opened for*

*signature* June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, because the members constituting

Certain Underwriters at Lloyd's are foreign citizens, thus giving this Court original jurisdiction

pursuant to 9 U.S.C. §§ 202, 203, and 205.[5]  The arbitration clause reads as follows:

> All matters in dispute between the **NAMED INSURED** and the **INSURER(S)** (hereinafter referred to as "the parties") in relation to this insurance, including this **POLICY'S** formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.
> 
> ....
> 
> The parties shall each bear their own costs, expenses and attorney's fees in any Arbitration proceeding. Any Arbitration hearing shall take place in Nashville, Tennessee, unless [the policy administrator] is agreeable to a different locale.
> 
> The Arbitration Tribunal may not award exemplary, punitive, multiple or other damages of a similar nature.[6]

---

[4] R. Doc. 1-1.

[5] R. Doc. 1 at 6-7.  Section 203 provides that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States," which gives federal district courts original jurisdiction over such actions.  9 U.S.C. § 203.  Section 205 makes removable an action pending in state court that "relates to an arbitration agreement or award falling under the Convention."  *Id.* § 205.  Although the statute does not define when an action "relates to" an agreement or award falling under the Convention, "federal courts have recognized that the plain and expansive language of the removal statute embodies Congress's desire to provide the federal courts with broad jurisdiction over Convention Act cases in order to ensure reciprocal treatment of arbitration agreements by cosignatories of the Convention."  *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 376 (5th Cir. 2006).

[6] R. Doc. 1-5 at 42-43.

## II.    PENDING MOTION

The Defendant Insurers seek to compel arbitration and stay the litigation, arguing that, because Certain Underwriters at Lloyd's is a foreign citizen, the Convention applies and the criteria for compelling arbitration are satisfied.[7]   The Defendant Insurers also argue that all of them, including the Domestic Insurers, are entitled to compel arbitration and that Ashi Houma is equitably estopped from objecting because it alleges interdependent and concerted conduct by all the Defendant Insurers in their handling of its insurance claims.[8]

In opposition, Ashi Houma argues that the arbitration clause is invalid "because there was no written agreement to arbitrate signed by both parties as required by Section II of the Convention."[9]   Therefore, it says, the Convention does not apply – leaving the Court without a basis for subject-matter jurisdiction – and the case should be remanded.[10]   Alternatively, Ashi Houma argues that, if the Court refers the parties to arbitration, it should find that Louisiana law governs those proceedings.[11]

## III.    LAW & ANALYSIS

There is a strong federal policy favoring arbitration.   *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*, 460 U.S. 1, 24-25 (1983).   The Convention is an international treaty that provides citizens of the signatory countries with the right to enforce arbitration agreements.   The purpose of the Convention is "to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."   *Sherk v.*

---

[7] R. Doc. 5-1 at 8-10.
[8] *Id.* at 12-13.  Ashi Houma does not dispute that its claims against the Domestic Insurers can be referred to arbitration under the Convention.
[9] R. Doc. 14 at 2.
[10] *Id.* at 2, 14.
[11] *Id.* at 15-18.

*Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974).  The Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 201-208, codifies the Convention and provides for its enforcement in United States courts.  *See id.* § 201 ("The Convention … shall be enforced in United States courts in accordance with this chapter."); *see also id.* § 206 ("A court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States.").

"In determining whether the Convention requires compelling arbitration in a given case, courts conduct only a very limited inquiry." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004).  The Fifth Circuit has held that "a court should compel arbitration if (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen." *Id.* (quotation omitted).  The Fifth Circuit has found that the "agreement in writing" requirement (factor one) is satisfied if the arbitral clause is contained in a contract or if an arbitration agreement has been (i) signed by the parties or (ii) contained in an exchange of letters or telegrams. *Sphere Drake Ins. PLC v. Marine Towing, Inc.*, 16 F.3d 666, 669 (5th Cir. 1994).  Once these four factors have been found to exist in a given case, a district court must order arbitration "unless it finds that the [arbitration] agreement is null and void, inoperative or incapable of being performed." *Freudensprung*, 379 F.3d at 339 (quotation omitted).

Ashi Houma does not dispute that factors two, three, and four are satisfied in this case, nor does it argue that the arbitration provision is null and void, inoperative, or incapable of being performed.[12]  Instead, it argues that the arbitration clause is not an agreement in writing "because

---

[12] As for factor two, it is undisputed that the United States is a signatory to the Convention and that the arbitration clause at issue here refers the parties to arbitration in Tennessee.  As for factor three, it is undisputed that

there was no written agreement to arbitrate *signed* by both parties as required by ... the Convention."[13]   The Convention provides in pertinent part:

> 1. Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.
>
> 2. The term "agreement in writing" shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams.

Convention, art. II(1)-(2).   The Fifth Circuit in *Sphere Drake* expressly rejected the argument Ashi Houma advances here that the insurance contract containing the arbitral clause must be signed by both parties to fall under the Convention.   Ashi Houma acknowledges the holding in *Sphere Drake* but nevertheless asks that the Court depart from this binding precedent because "there have been several developments in both the Fifth Circuit and in other circuit courts of appeal that have undermined [*Sphere Drake*'s] reasoning."[14]

The Court declines such a request.   As a district court, the undersigned is duty bound to apply binding Fifth Circuit precedent "absent an intervening change in the law."   *Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).   This circuit's rule of orderliness *requires* such a conclusion, as not even a subsequent panel of the Fifth Circuit – let alone an order of a district court – may overturn a previous panel's decision, unless the applicable law has been changed "by a statutory amendment, or the Supreme Court, or our *en banc* court."   *Id.* (citing *United States v. Simkanin*, 420 F.3d 397, 420 n.25 (5th Cir. 2005)).   Ashi Houma points to no intervening change

---

the issuance of the insurance policy – which contains the arbitration provision – arose out of a commercial legal relationship.   And, as for factor four, it is undisputed that Certain Underwriters at Lloyd's is a foreign citizen.

[13] R. Doc. 14 at 2 (emphasis added).

[14] *Id.*

in the law as would authorize this Court to disregard the Fifth Circuit's holding in *Sphere Drake*, and it is aware of none.[15]  Accordingly, Ashi Houma's argument fails on this basis alone.

The argument that the arbitration provision here does not satisfy the "agreement in writing" requirement also fails for a second reason.  Under the plain terms of the Convention, the requirement is satisfied when an arbitration agreement is "contained in an exchange of letters or telegrams."  The Fifth Circuit has expressly noted this additional means of satisfying the Convention's writing requirement.  *Sphere Drake*, 16 F.3d at 669.  In addition, other circuits have held that the "agreement in writing" requirement is satisfied when an arbitration agreement is contained in an exchange of letters or telegrams.  *See Standard Bent Glass Corp. v. Glassrobots Oy*, 333 F.3d 440, 449-50 & n.14 (3d Cir. 2003) (holding that, because the arbitration clause was in a contract contained in an exchange of letters, the Convention's "agreement in writing" requirement was satisfied and arbitration rightly compelled); *Kahn Lucas Lancaster, Inc. v. Lark Int'l Ltd.*, 186 F.3d 210, 218 (2d Cir. 1999) (holding that an arbitral clause in a contract must be either "signed by the parties *or* contained in an exchange of letters or telegrams" to satisfy the writing requirement) (emphasis added).[16]

In this case, the exchange of communications between the Defendant Insurers and Ashi Houma not only contained references to the policy form that contained the arbitration provision, but also included the full arbitration provision itself.  First, the Defendant Insurers contacted Ashi Houma and offered to renew coverage on the subject property.[17]  In response, Ashi Houma

---

[15] While a subsequent panel of the Fifth Circuit observed that the holding of *Sphere Drake* is in the minority of those circuits that have considered the question concerning the "agreement in writing" requirement, it expressly declined to revisit the issue.  *Neptune Shipmanagement Servs. PTE, Ltd. v. Dahiya*, 15 F.4th 630, 638 (5th Cir. 2021).

[16] Although the Second and Third Circuits disagree with the Fifth Circuit's conclusion that the writing requirement is satisfied simply when an arbitration provision is contained in a contract – without either the signatures of the parties or the inclusion of the provision in an exchange of letters or telegrams – the circuits agree that signatures are not required when an arbitration provision has been included in an exchange of letters or telegrams.  *Compare Sphere Drake*, 16 F.3d at 669, *with Kahn Lucas*, 186 F.3d at 218, *and Standard Bent Glass*, 333 F.3d at 449-50.

[17] R. Doc. 20-1 at 2.

requested a formal quote.[18]  The Defendant Insurers transmitted a formal quote, which listed the policy form that contained the arbitration clause.[19]  Ashi Houma accepted the terms of the formal quote and asked that the Defendant Insurers bind coverage.[20]  The Defendant Insurers agreed and issued a binder which listed the policy form that contained the arbitration clause.[21]  After binding coverage, the Defendant Insurers provided Ashi Houma with a copy of the policy, which reproduced the arbitration provision in its entirety.[22]  Hence, the arbitration provision was "contained in an exchange of letters or telegrams" between the Defendant Insurers and Ashi Houma, and the "agreement in writing" requirement thereby satisfied.  *See Standard Bent Glass*, 333 F.3d at 449-50 ("As noted, the contract here was contained in the February 2 exchange of letters.  Though the arbitration clause may not have been included in that exchange, it was incorporated by reference in the letters.  This is all [the Convention] requires.").

Under the Convention, then, an order compelling arbitration of this matter is appropriate, and section 3 of the FAA mandates that the Court "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3.  Accordingly, the Court compels arbitration, stays the case pending arbitration, and declines the Defendant Insurers' alternative request to dismiss Plaintiffs' claims at this time.

Finally, Ashi Houma requests that, should the Court refer the matter to arbitration, it issue a ruling that Louisiana law governs the proceedings in arbitration.  In doing so, Ashi Houma seeks to preempt the Defendant Insurers' anticipated argument that the language of the arbitration clause[23] precludes the arbitration panel from awarding penalties and attorney's fees for bad-faith

---

[18] *Id.* at 1.
[19] *Id.* at 1, 5.
[20] R. Doc. 20-3 at 1.
[21] *Id.* at 1, 7.
[22] R. Doc. 20-4 at 1, 43-44.
[23] The language at issue states that "[t]he Arbitration Tribunal may not award exemplary, punitive, multiple or other damages of a similar nature."  R. Doc. 1-5 at 44.

claims handling, as would be available under Louisiana law.[24]  Ashi Houma does not cite to any relevant authority for the proposition that this Court can properly dictate the law to be applied in a future arbitration proceeding,[25] nor does it address the fact that the Court's "limited inquiry" at this stage is confined to determining the applicability of the Convention to the arbitration clause at issue.  *Freudensprung*, 379 F.3d at 339.  Therefore, the Court denies Ashi Houma's request.

## IV.     CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Defendant Insurers' motion to compel arbitration and stay litigation (R. Doc. 5) is GRANTED.

IT IS FURTHER ORDERED that this matter is STAYED and ADMINISTRATIVELY CLOSED while the parties pursue arbitration.  Any party may move to reopen these proceedings, if necessary, once arbitration is complete.

New Orleans, Louisiana, this 28th day of February, 2023.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[24] R. Doc. 14 at 15-16.
[25] Ashi Houma cites to *STMP Properties, LLC v. Certain Underwriters at Lloyd's London*, 2022 WL 3924313, at *3 (E.D. La. Aug. 31, 2022), in support of the proposition that the Court has the authority to direct the future arbitral panel to apply Louisiana law.  This reference is not apt, however, because the *STMP* court simply held that the issue "of whether statutory fees and penalties are warranted pursuant to Louisiana law" was properly referred to the arbitration panel itself – and thus would *not* be decided by the court.  *Id.*